### No. 246.

ALFORD BETTIS & Co. *v.* S. W. SAWYER.    MORSE, Intervenor.

1.  Where, within a reasonable delay, the party contemplating an appeal, applies to the Judge *a quo* for a statement of facts (opposing counsel having refused to co-operate), and the said Judge declares himself unable to furnish such state-ment, by reason of having forgotten the facts, the cause will be remanded.
2.  Where, however, the delay allowed to elapse between the rendition of the judgment and the application for such statement is so long that the Judge might reasonably be expected to forget the facts, the party thus delaying will be held responsible, and the appeal will be dismissed.
3.  No question, or issue, dependent entirely or in part upon the evidence, taken below, but not brought up in original, or by statement, can be presented by way of assignment of error.

*Appeal from Civil District Court, Division C.    Monroe, J..*

*W. S. Parkerson* for plaintiff.

*A. C. Lewis* and *T. M. Gill* for intervenor.

*E. E. Moise* curator *ad hoc.*

Rogers, J.—Plaintiffs sued Sawyer for $470, the purchase price of certain mules, claiming vendor's lien and privilege, and sequestered them in the hands of R. S. Morse, who intervened and claimed ownership, alleging a purchase by him from Sawyer.

The District Judge awarded a personal judgment against Sawyer for $470; refused to recognize his vendor's lien and dismissed the writ of sequestration. He decreed in favor of Morse, intervenor, sustaining his claim of ownership.

The case was decided in December, 1882. Just before the expiration of the year in which he could take an appeal, he applied to the District Judge to sign a statement of fact, which was refused on the ground that the case had been tried and determined so long a time before, that the Judge had forgotten the facts. Of this failure of the Judge, appellant complains. We do not see that he has good cause. It was certainly in his power, within a reasonable time, to have obtained his statement of facts, and not permit such a length of time to pass, when the Judge, whose duties require investigation in so many and different affairs, could not be reasonably expected to remember facts that must of necessity have passed from his mind.

In the case of Fisher vs. Ullman, decided by us, we remanded the case because we were satisfied that appellant had sought to obtain his statement of facts within a reasonable time. So reasonable, that we did not consider the Judge should have refused what he might most reasonably have been expected to remember, and as the adverse party seemed indisposed to aid in certifying to the facts, we declined to permit him thus to gain an advantage.

Appellant files in this Court what he claims to be an assignment of errors, apparent on the face of the record, in the following words:

1st. The dissolving and setting aside of the sequestration issued herein.

2d. The decreeing of the mules sequestered by plaintiffs, claiming their vendor's lien and privilege, to be the property of the intervenor.

3d. The giving judgment for plaintiffs against the defendant

for the purchase price of the mules, without recognizing their lien and privilege as the vendor upon the property sequestered.

All of these propositions depend upon evidence, or upon the existence of some fact; this Court has been furnished with no means of ascertaining more than that the case was adjudged by the District Judge, after hearing evidence, pleadings and arguments of counsel. Nothing in the record suggests that the judgment is erroneous.

The document filed, therefore, is not properly an assignment of errors, it is virtually a complaint that the evidence adduced on the trial below, did not warrant the judgment.

Sec. 3, of Rule 3, of this Court, expressly declares that want of evidence to support the judgment cannot be assigned as error.

Appeal dismissed.